# APPENDIX B.

# DECISIONS OF THE SUPREME COURT IN BANCO,

## OMITTED FROM FORMER VOLUMES OF HAWAIIAN REPORTS.

———◇———

### ATTORNEY-GENERAL *vs.* WM. HUGHES.

EXCEPTIONS TO POLICE COURT OF HONOLULU.

DECISION RENDERED JANUARY 8, 1869. NOT HITHERTO REPORTED.

ALLEN, C.J., HARTWELL AND AUSTIN, JJ.

Under Section 1006 of the Civil Code and the terms of the license and bond required of licensed dealers in spirituous liquors at retail, an appeal on points of law is allowable from the Police Court to the Supreme Court.

OPINION OF THE COURT.

This is a bill of exceptions to the rulings and judgment of the Police Court of Honolulu, declaring void and of no effect a license to sell spirituous liquors by retail at the premises known as the Royal Hotel in Honolulu, granted by the Minister of the Interior to the defendant, October 10, 1868, under the Act of August 23, 1862. Exceptions were taken by the defendant's counsel at the trial, and allowed by the Court, and an appeal from the judgment on the law and evidence was duly taken and perfected, with certain special exceptions noted, being in substance the same that were made at the trial.

The defendant claims a right to be heard on this appeal, under Section 1006 of the Civil Code, which provides that any party deeming himself aggrieved by the decision of any police

39

or district justice in any case, civil or criminal, may appeal therefrom to the Supreme Court, and that where such appeal is taken solely on points of law, the appeal shall be heard and determined by the Appellate Court in banco; and also under the Act of July 28, 1860, which provides "That the several police and district justices shall have jurisdiction to hear and determine, subject to appeal, all complaints for any violation of the license law."

It is claimed by the Attorney-General that under the terms and conditions of said bond, no appeal lies either upon questions of law or of fact, and that by voluntarily entering into the bond, the defendant expressly waived whatever right he might otherwise have to appeal and to have a trial by jury, and has bound himself to submit to the decision of the justice before whom the complaint was laid. The clause in the bond relied on to sustain this position is the following, viz., "Otherwise (i. e. on violation of the conditions) upon proof being made to the satisfaction of a common magistrate, without the intervention of a jury, the penalty mentioned in this bond shall be forfeited, and the license of the said William Hughes this day granted shall be void."

The Attorney-General urged that if this appeal be entertained the whole case is opened, and one of the objects of the Statute, namely, to obviate the necessity and delay of a trial by jury, is frustrated, and the law so far reduced to a nullity or absurdity. But in the exceptions presented no question of fact is sought to be raised or revived for the determination of a jury. It is therefore unnecessary to consider whether, under the Constitution and laws, any appeal requiring a jury lies in cases of this nature. Upon examining the exceptions presented, we find that they are only on questions of law, which were raised at the trial. We therefore do not decide whether a general appeal would lie if claimed, but we confine our attention to the questions submitted.

The form of bond prescribed in the Acts of 1846 and 1852 on the subject of liquor licenses is like that required under the Act of 1862 and now before us. Were it not for this last re-enactment, it might perhaps be admitted that the right of appeal

secured under Section 1006 of the Civil Code, which became a law in 1859, and recognized in the Act of 1860 referred to, applies in cases of bonds given under the previous Statutes; but it is insisted that this subsequent legislation leaves the obligors of such bonds precisely where they were before any right of appeal was granted or recognized by law, and that any one who voluntarily gives a bond under this last Act waives his appeal, and is estopped from claiming it.

Before considering whether the legislation of 1862 was simply to admit licenses for retail dealers, and whether the intention of the Legislature was that the form of bond again prescribed should have reference to the general law allowing the right of appeal, and should not affect or supersede such right, it should be decided whether the words of the bond express clearly the intention of the *parties* themselves to submit finally all questions of law and fact to the decision of a common magistrate. Such intention should be expressed clearly, in order to deprive them of any right of appeal previously secured by law.

*Greenough vs. Rolfe,* 4 N. H., 357; *Adams vs. Adams,* 8 N. H., 82; *Elmendorf vs. Harris,* 23 Md., 633.

The Court are of the opinion that by the terms of this bond the intention of the parties, as well as of the Legislature, is clearly indicated that the decision of the magistrate concerning an alleged breach of its conditions and the judgment thereon should be according to law. Therefore if it appear by the record that such magistrate improperly entertained or exercised jurisdiction, that he has mistaken the law, or given a judgment contrary to law, it is the duty of this Court to correct the same.

*Young vs. Walter,* 9 Ves., 365.

The bond requires the complaint to be heard before a magistrate, and that he decide on proof made. It was of course intended that such magistrate should conform to the requirements of the Statute concerning the manner in which the complaint should come before him; to the rules and course of law in regard to the conduct of the case; that he be guided in his decision solely by what is known as judicial or legal evidence, and that his judgment be strictly such as the law sanctions.

Had the decision been referred to one not versed in the law, the intention to allow him to make his own law in the case might be more apparent. But here the maxim "*Non refert quid notum sit judici, si notum non sit in forma judicii*" must apply.

We do not, however, decide that any question of fact is to be opened on this appeal, or any inquiry to be made into the sufficiency of the evidence, as the exceptions presented do not call for our opinion on that question.

It is to be observed that this ruling conforms to the practice of this Court.

In *Minister of Interior vs. Dawson* (3 Hawn., 69) the Court expressly declared that an appeal might lie.

Motion for appeal granted.